| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

United States District Court
Southern District of Texas
**ENTERED**
August 23, 2016
David J. Bradley, Clerk

Harrisburg Land Company, LLC, §
§
    Plaintiff, §
§
versus §    Civil Action H-14-1878
§
Kenneth C. Smith, et al., §
§
    Defendants. §

# Opinion on New Trial

1. The motion for a new trial by Harrisburg Land Company, LLC, will be denied.

2. Harrisburg says that this court erred in not remanding this case because (a) Southwest Traders, Incorporated, did not timely remove and (b) Kenneth C. Smith waived removal in his guaranty. Smith removed within the allowed time for the company and himself. If Smith's guaranty had been in effect, he could not have removed, but it was not. By its terms, it expired with the 2003 lease. Smith did not guarantee the 2009 lease.

3. Harrisburg says that the 2003 lease was still in effect and that the 2009 lease was an extension. Unambiguously, the 2009 lease is a new, independent lease. It is not an extension. The 2003 lease expired in 2009. Although the 2003 lease was extended, the extended term expired in 2009. The parties then signed a new lease.

4. Harrisburg says that the court did not apply the correct legal standard for normal wear and tear. Texas Property Code defines normal wear and tear as excluding deterioration that results from negligence, carelessness, accident, or abuse of the premises, equipment, or chattels by the tenant. When the court found that the damage was the result of reasonable use, it applied that standard.

5. The landlord would have it that all deterioration or damage is unreasonable or negligent. A tenant in an industrial warehouse may bang door frames and scrape walls while exercising reasonable care. This warehouse had been operated for nearly ten years. The cooler and freezer were confined spaces – difficult areas to use. Harrisburg had no evidence to suggest that Southwest was negligent in its operations, let alone reckless or intentionally destructive.

6. The court did not improperly rely on an appraisal from the Harris County Appraisal District. It simply established the condition and age of the warehouse in the District's estimate – a public record and one normally relied on in the real estate business.

7. Harrisburg says that the court should not have prevented its witnesses from testifying about the causes, timing, and extent of damage to the premises. The court required that witnesses testify from their direct knowledge. Terry Mahoney was offered as an independent expert, when he worked full time for the landlord as a manager with variable assignments. He had had a multifaceted career, which gave a deep background for common sense, but none of it qualified him to testify by opinion. His opinions and assertions of knowledge were untethered to supporting data or reliable standards.

8. This case is about a landlord's persistent accusations and perpetual insulting generalities. They, however, do not transcend for the paucity of evidence. Harrisburg was unable to present cogent detail about the condition of the property at the beginning of the 2009 lease or the cause of the damages. It had nothing to show that Southwest was negligent, careless, or reckless in its operation.

Signed on August 23, 2016, at Houston, Texas.

Lynn N. Hughes
United States District Judge